United States District Court
Southern District of Texas
**ENTERED**
November 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIA VARGAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-01014 |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the Court is the defendant's, Wal-Mart Stores Texas, LLC ("Wal-Mart"), motion for summary judgment (Dkt. No. 13). The plaintiff, Maria Vargas ("Vargas"), has filed a response to the defendant's motion (Dkt. No. 17), and the defendant has filed a reply (Dkt. No. 19). After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the defendant's motion should be **GRANTED**.

### II.   FACTUAL BACKGROUND & CONTENTIONS

On or about June 6, 2020, Maria Vargas visited Wal-Mart facility 2993, located at 345 Highway 6 in Sugar Land, Texas, to purchase groceries. While walking through the parking lot, she tripped on a raised cement bump that was not marked. According to Vargas, the bump posed a dangerous condition and an unreasonable risk of harm, and as a result. Aargas tripped and fell, sustaining injuries.

Vargas contends that Wal-Mart, as a business owner, breached its duty to protect and warn of dangerous conditions. She argues that as an invitee, Wal-Mart owed her a duty to exercise ordinary care to protect her from such hazards but failed to do so. Vargas claims Wal-Mart's breaches included a failure to warn her of the raised bump, inadequate inspection, and maintenance of the parking lot to identify and address potential hazards, and a lack of visible markings or signage that would have alerted customers to the risk. Additionally, Vargas argues that Wal-Mart deviated from industry standards for parking lot maintenance, ignored prior incidents or complaints related to the bump, and failed to provide adequate lighting, making it difficult for customers to notice the bump, especially in low-light conditions. She further asserts that Wal-Mart neglected to implement additional safety measures, such as traffic control devices, that could have mitigated the hazard, and failed to properly train and supervise employees responsible for maintaining the parking lot. Vargas contends these breaches collectively, proximately caused her injuries and damages, including both past and future harm.

Further, Vargas argues that Wal-Mart's motion for summary judgment is premature, given that discovery is incomplete and scheduled to continue until January 31, 2025. Wal-Mart filed its motion based on *United Supermarkets, LLC v. McIntire*, where the Texas Supreme Court upheld summary judgment for a grocery store in a similar parking lot incident, deeming a minor defect non-dangerous. Here, Wal-Mart uses photographs of the defect to argue it was also non-dangerous. Still Vargas challenges these photos due to inconsistent dates in the affiant's statement, suggesting credibility issues that require further exploration through

discovery. Vargas seeks additional evidence to asses factors like the defect's size, visibility, and incident history.

### III.   DEFENDANT'S CONTENTIONS

Wal-Mart contends that Vargas' premises liability claim does not satisfy the requirements under Texas law which demand proof of the following: the owner's knowledge of a condition, that the condition posed an unreasonable risk of harm, that the owner failed to take reasonable care to mitigate this risk, and that such failure caused Vargas' injuries. Wal-Mart disputes element (2), asserting that the condition of the parking lot was not unreasonably dangerous and that they had no duty to warn of it, as it was open and obvious.

Wal-Mart claims that ordinary pavement defects, such as small cracks and divots, are not inherently hazardous and do not qualify as unreasonably dangerous even if they result in injury. They note in prior cases that a ¾ inch divot in a parking lot did not constitute a hazardous condition as a matter of law. Wal-Mart argues that Texas courts assert that individuals are expected to recognize and navigate common irregularities in outdoor surfaces and that this principle applies here.

In support, Wal-Mart presents seventeen photos showing the elevation differences at the scene, noting that no deviation was greater than one inch. They argue that the condition is "ordinary and ubiquitous" relying on the Texas Supreme Court in recognition that minor pavement issues were not unreasonably dangerous. Therefore, Wal-Mart had no duty to make the area safe or provide any warnings.

Lastly, in response to Vargas' argument for more discovery time, Wal-Mart maintains that summary judgment is appropriate now and prior cases allow for courts to deny further

discovery if additional evidence is unlikely to alter the facts supporting a judgment. Wal-Mart argues that Vargas' discovery requests, including questioning a witness' affidavit and photo timestamps, do not create a genuine dispute over the condition of the defect that was open and obvious. Wal-Mart asserts that the photos, depict the defect sufficiently, making additional discovery irrelevant to the Court's decision on summary judgment.

## IV.    STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (internal citations omitted). It may not satisfy its

burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

V. **ANALYSIS & DISCUSSION**

In reviewing Wal-Mart's motion for summary judgment, the Court finds no genuine disputes of material fact regarding the condition of the parking lot divot on which Vargas tripped.

The Texas Supreme Court has held that small surface irregularities in parking lots, such as a divot measuring less than an inch deep, did not constitute an unreasonably dangerous condition. *See*, *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800 (Tex. 2022). In *McIntire*, the Texas Supreme Court emphasized that minor defects in the pavement are common and often naturally occurring, underscoring that such conditions do not ordinarily pose an unreasonable risk of harm. In the present case, Wal-Mart provides photographic evidence of the parking lot defect, showing that the divot in question is less than one inch deep, mirroring the factual circumstances in *McIntire*. This evidence suggests that the defect was neither unusual nor substantial enough to be considered unreasonably dangerous as a matter of law.

Vargas argues that discovery is incomplete and seeks additional time to pursue outstanding discovery requests. However, based on the clear photographic evidence and the Texas Supreme Court's ruling in *McIntire*, the Court finds that no additional discovery is likely

to change the dispositive fact that the defect is too minor to support a claim of dangerousness. Discovery request may be curtailed if the information sought is unlikely to produce facts necessary to withstand a motion for summary judgment. *Netto v. Amtrak*, 863 F.2d 1215 (5th Cir. 1989). Wal-Mart has provided sufficient, authenticated evidence regarding the size and nature of the defect, and Vargas' concerns regarding the minor discrepancies in photo dates do not raise a material factual dispute relevant to the defect's classification.

In conclusion, the Court determines that the small size of the divot and its similarity to typical pavement conditions do not pose an unreasonable risk of harm, Therefore, Wal-Mart's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on November 6, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge